■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHN JONES, JR., Appellant. — Appeal from a judgment of the County Court of Broome County (Kepner, Jr., J.), rendered May 12, 1980, upon a verdict convicting defendant of the crimes of rape in the first degree and burglary in the second degree. At approximately 1:45 A.M. on January 4, 1980, Sherry Stratton awakened to see a man standing in the illuminated doorway to her bedroom, who proceeded to assault and forcibly rape her and then run from the apartment. She immediately called her mother, who called the police, who in turn responded to the scene at about 2:05 A.M. The victim described her assailant as a black man in his 20's, five feet, seven inches tall, of medium build, with a short-cropped Afro hair style. The occurrence of the crime, its location, and the foregoing description were broadcast over police radio. Shortly thereafter, Stratton also indicated to police that she had met the individual on prior occasions and knew his first name to be Robert, and she gave them his address. An officer driving a patrol car received the radio report of the incident, the location, and the description of the perpetrator at 2:15 A.M., and within minutes thereafter observed defendant walking at a point three blocks from the crime scene in a direction away from the victim's residence. His appearance coincided with the victim's description, and he was the only pedestrian in the vicinity. The officer stopped his vehicle and approached defendant on foot, at which time defendant threw a manila envelope to the ground. Defendant was ordered to stop, and a frisk for weapons was conducted which revealed that defendant's belt was unfastened and the top button of his pants was undone. When the officer asked defendant for his name and for an explanation of his whereabouts, defendant replied, "Fred, Jr." and that he was coming from a nearby bar. The officer then ordered defendant to accompany him to the victim's residence, and upon their arrival there, the victim identified defendant as the man who had attacked her. The prosecution's evidence at trial consisted mainly of the testimony of the victim, the arresting officer, and a jail inmate who shared a cell with defendant following his arrest and described a conversation with him in which defendant admitted having had sexual relations with the victim at her home on the night of the incident. Our review of the record reveals no error requiring reversal of defendant's conviction. The "showup" identification of the victim at the crime scene shortly after the commission of the offense was valid (*People v Brnja,* 50 NY2d 366, 372). It was permissible for the victim to testify to that identification (CPL 60.30). The presence of defendant walking away from, but in the vicinity of, the place where the crime was committed and within minutes thereafter, and defen-

dant's being the only pedestrian in the area and appearing precisely to fit the description of the perpetrator, amply justified the stop and frisk (*Terry v Ohio,* 392 US 1; *People v Spivey,* 47 NY2d 1014). Those facts, coupled with the evasive answer to the officer's request for his name and the disarray of defendant's clothing in a manner suggestive of a person who had hastily fled after committing a rape, were sufficient to establish probable cause for the officer to take defendant into custody and return him to the crime scene (see *Chambers v Maroney,* 399 US 42, 46-47; *People v Brnja,* 50 NY2d 366, 373-374, supra; *People v Grimaldi,* 75 AD2d 694, 695, revd on other grounds 52 NY2d 611; *Brown v United States,* 365 F2d 976, 978 [Burger, J.]). And this remains so, despite defendant's plausible explanation for his whereabouts (*People v Brnja, supra,* pp 372-373). We have reviewed defendant's remaining points on appeal and find them similarly without merit. Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.